UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHWOOD, INC.,

        Plaintiff(s),                      CIVIL NO. 20-CV-13356

v.

CLINICAL WOUND SOLUTIONS, LLC.,

        Defendant(s).
_____/

**NOTICE OF TELEPHONIC SCHEDULING CONFERENCE AND ORDER TO APPEAR**

You are hereby ORDERED to appear before the Honorable Robert H. Cleland, United States District Judge, for a telephonic scheduling conference on **January 27, 2021 at 10:00 am.   Call in information as follows – 877-336-1274; Access Code – 7627118; Security Code – 3356.** You are directed to meet and confer before the conference. *See* Fed. R. Civ. P. 26(f).[1]

Please FILE a JOINT 26(f) plan one week before the conference.

**TRIAL COUNSEL ARE EXPECTED TO ATTEND** prepared to discuss:

1. A summary of each claim and affirmative defense, and related issues, including a) the elements of proof and, b) the good faith factual foundation of each; [2]

---

[1] See for Practice Guidelines for Judge Robert H. Cleland: Case Management Conference (Civil) within <http://www.mied.uscourts.gov/>

[2] Counsel must try to **narrow the issues** in preparation for the conference. Fed. R. Civ. P. Rule 16(c)(2)(A).   This includes the elimination ("without prejudice") of presently unsustainable claims and defenses.   If a factual basis for a claim or defense is discovered only later, add it then.   Fed. R. Civ. P. 15(a)(2).   Presenting a claim or a defense, counsel certifies that what is said is warranted by law and that the "*factual contentions have evidentiary support . . . .*" Fed.R.Civ.P. 11(b)(2) and (3) (emphasis added).   A lengthy recitation of multitudes of defenses, theoretically conceivable but tethered to nothing real in the case, looks like mindless push-button boilerplate that diminishes the appearance of professionalism and almost never produces useful results.

2. Nature of any corporate, partnership or LLC parties and confirmation that all corporate parties have filed the disclosure statement required by LR 83.4.

3. The propriety of (or dispute about) subject matter jurisdiction;

4. The possible relationship to other cases;

5. The likelihood of pleading or party amendments, third-party complaints, etc.;

6. The likelihood of expert testimony;

7. Any discovery to date and complexity of additional discovery, Counsel are encouraged to commence their Fed. R. Civ. P. 26(a)(1) disclosures without delay and to begin discovery by mutual consent before the conference;

8. Referral to state mediation practice or to private facilitation or arbitration;

9. Consideration of magistrate judge consent jurisdiction or District Court bench trial;

10. The likelihood of dispositive motion practice; the likelihood of settlement.

In the event that trial counsel is not available for this conference, substitute counsel with complete working knowledge of the case must appear and be fully prepared to participate. All commitments, representation, and deadlines decided and announced at the conference, including trial and other dates, will be binding.[3]

                                        BY ORDER OF THE COURT

                                        /S/ Lisa Wagner
                                        Case Manager and Deputy Clerk to
                                        Judge Robert H. Cleland
                                        810-292-6522

---

[3] A substitute date may sometimes be arranged in consultation with the court's Case Manager especially when both parties agree.